UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

WINONA FOODS, INC.,

        Plaintiff,

                                      Case No. 07-C-1003
v.                                    Honorable William C. Griesbach

TIMOTHY J. KENNEDY, INC.
d/b/a KENNEDY LOGISTICS & WAREHOUSE,

        Defendant.

---

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM UNDER F.R.C.P. §12(b)(6),
FOR LACK OF PERSONAL JURISDICTION UNDER F.R.C.P. §12(b)(2)
AND FOR IMPROPER VENUE UNDER F.R.C.P. §12(b)(3)
OR FOR A CHANGE OF VENUE UNDER 28 U.S.C. 1404(a)**

---

The Defendant, Timothy J. Kennedy, Inc. d/b/a Kennedy Logistics of Illinois (correct corporate name), by its attorneys, Davis & Kuelthau, s.c., submits the following brief in support of the above-described motions.

### I.    FACTUAL BACKGROUND

Winona Foods, Inc., a Wisconsin corporation ("Winona"), has sued the Defendant, an Illinois corporation, alleging delivery by the Defendant of damaged goods in California in the Defendant's role as delivering carrier. The action is brought under the Carmack Amendment, Title 49 U.S.C. §14706, Liability of Carriers under Receipts and Bills of Lading. The Court's jurisdiction would be based on Federal question jurisdiction as the claim arises under Federal law. (Compl. ¶¶3 and 4)

Defendant's place of business is located at 8 Greenwood Avenue, Romeoville, Will County, Illinois. (Breyer Aff. ¶2) The Plaintiff had no contact with the Defendant and the documents do not list Plaintiff as the "shipper" on the Bill of Lading, and Plaintiff's Complaint makes no allegation that the shipment involved had any connection with the State of Wisconsin other than the fact that the Plaintiff manufactured the original product here in this state.

The shipment originated in Chicago, Illinois. (Breyer Aff. ¶4) All carriage arrangements with the Defendant took place in Illinois. A refrigerated trailer full of shredded cheese was picked up by Defendant, Timothy J. Kennedy, Inc. d/b/a Kennedy Logistics of Illinois ("Kennedy Logistics"), in Chicago, Illinois, and delivered to a rail carrier at Willow Springs, Illinois, on June 19, 2007. (Breyer Aff. ¶¶5 and 6) The refrigerated car was transported as an intermodal shipment and delivered to a rail yard in California on June 22, 2007. (Breyer Aff. ¶9) On delivery in California, the Plaintiff's customer, Real Mex Foods, Inc., rejected the product claiming it was improperly refrigerated. (Breyer Aff. ¶16) Defendant disputes this claim.

## II.　　SUMMARY OF DEFENDANT'S POSITION

The Defendant requests that the Court either:

1. dismiss this claim for the following reasons:

    a. for failure to state a claim upon which relief can be granted because it alleges claims under the Carmack Amendment, 49 U.S.C. §14706, but the Plaintiff's documents do not establish the Plaintiff as the "person entitled to recover under the receipt or bill of lading." F.R.C.P. 12(b)(6); or

    b. for lack of personal jurisdiction over the defendant under F.R.C.P. 12(b)(2); or

    c. for improper venue under F.R.C.P. 12(b)(3); or

2. in the alternative, to transfer the case under 28 U.S.C. 1404(a) to either Illinois or California where the action could have been brought under 49 U.S.C. §14706(d).

### III. ARGUMENT

**A. Plaintiff's Complaint fails to state a claim under the Carmack Amendment because the Plaintiff is not "the person entitled to recover under the receipt or bill of lading."**

The Plaintiff alleges that it is the shipper under the bill of lading which is attached to the Plaintiff's Complaint as Exhibit "A." The shipper named on that document, however, was Battaglia Distributing Co. The consignee is listed as Real Mex Foods, Buena Park, California. Plaintiff's name does not appear anywhere on the Bill of Lading. The company that engaged the services of Kennedy Logistics is Genco. A copy of its order form is attached as Exhibit "A" to the Breyer affidavit. That document does not list Winona in any capacity.

Section 14706 of Title 49, Liability of carriers under receipts and bills of lading provides:

> **(a) General Liability. –**
>
> **(1) Motor carriers and freight forwarders. –**
>
> A carrier providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 shall issue a receipt or bill of lading for property it receives for transportation under this part. <u>That carrier and any other carrier that delivers the property</u> and is providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 or chapter 105 <u>are liable to the person entitled to recover under the receipt or bill of lading</u>. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (emphasis added)
>
> **(A)** the receiving carrier,
>
> **(B)** the delivering carrier, or
>
> **(C)** another carrier . . .

On the basis of the Complaint, and the relevant documents, the party entitled to commence an action would be Battaglia Distributing Co., not Winona, which is not mentioned on the bill of lading or the receipt. As such, they are not entitled to recover under the Bill of

3

Lading, as allowed by 49 U.S.C. §14706. Therefore, the Complaint does not state a claim on which relief could be granted to Winona.

      **B.**    **The Court lacks personal jurisdiction over the Defendant because it conducts no substantial activities and only isolated contacts with the state.**

To exercise personal jurisdiction over an out-of-state Defendant, the court looks to §801.05, Wis. Stats. (the "Long-Arm Statute") to determine whether the out-of-state Defendant conducts sufficient activities within Wisconsin to justify the Wisconsin court's exercise of jurisdiction over it. The court employs a two-step procedure to determine if it has personal jurisdiction over a Defendant. First, it must decide if the Defendant's contacts with the state fit the specific terms of the Long-Arm Statute. If the court determines they do, it must then decide if, notwithstanding the fact the first test is satisfied, the exercise of jurisdiction comports with due process requirements. *Marsh v. Farm Bureau Mut. Ins. Co.*, 179 Wis.2d 42, 505 N.W.2d 162 (Wis. App. 1993). The decision whether personal jurisdiction may be exercised over a non-resident Defendant must be made in light of due process requirements and all relevant facts and circumstances related to the jurisdictional issue. *International Placement and Recruiters v. Reagon Equipment Co.,* 592 F.Supp. 1252 (D.C. 1984). The minimum contacts needed to support personal jurisdiction can include physical presence, solicitation of business, or any circumstances by which the Defendant avails itself of the benefits of the forum state. *Fabry Glove & Mitten Co. v. Spitzer*, 902 F.Supp. 625 (E.D. Wis. 1995).

In this case, the Defendant, an Illinois citizen, transported goods from Illinois to California at the request of an Illinois company. There is no allegation that the Plaintiff contracted directly with the Defendant, or had a regular course of dealing with the Defendant. This case features an isolated transaction originating out-of-state and terminating out-of-state.

The Long-Arm Statute contains no sections under which personal jurisdiction can be found in this case:

1. There is no allegation that the Defendant is a domestic corporation or "… is engaged in substantial and not isolated activities within the state. §801.05(1), Wis. Stats.

2. There are no allegations of special Wisconsin jurisdictional statutes that confer personal jurisdiction. §801.05(2), Wis. Stats.

3. This is not a personal injury case. §801.05(3), Wis. Stats.

4. There is no allegation that the property damage occurred in Wisconsin. §801.05(4), Wis. Stats.

5. (a) There is no allegation that the shipment was either from Wisconsin or delivered to the Plaintiff in Wisconsin. §801.05(5)(a)(b)(c).

    (b) There is no allegation that the Defendant ordered goods or shipped goods at the Plaintiff's request. §801.05(5)(d)(e).

The Plaintiff has not alleged any connection between itself and the Defendant except that Defendant received Plaintiff's products from Battaglia Distributing Co. in Illinois and delivered them, at Battaglia's request, in California. There exists no basis in the pleadings upon which a Wisconsin court may exercise jurisdiction over this Defendant. Plaintiff's Complaint having failed to establish a preliminary basis for jurisdiction under the first step of the jurisdictional analysis, there is no need to consider the second step in that analysis. Instead, the Complaint should be summarily dismissed because this court has no personal jurisdiction over the Defendant.

**C.    The Carmack Amendment sets forth proper venues for claims arising under it for delivery of damaged goods.**

The Defendant does not dispute that the Court has subject matter jurisdiction over this type of case under its Federal question jurisdiction. *Pacer Global Logistics, Inc. v. National Passenger Railroad Corp., et al.*, 272 F.Supp.2d 784 (E.D.Wis. 2003); *Stephenson v. Wheaton*

*Van Lines, Inc.*, 240 F.Supp.2d 1161 (D.Kan. 2002). Nor is there any dispute that as the delivering carrier, the Defendant may be subject to liability from this delivery of damaged goods. The real question in this case is where should this case be tried.

The venue provisions of the Carmack Amendment relating to carriers under receipts of Bills of Lading are set forth in §14706(d) as follows:

> (d) Civil Actions. –
>
> (1) <u>Against delivering carrier</u>. – A civil action under this section may be brought against a delivering carrier in a district court of the United States or in a State court. Trial, if the action is brought in a district court of the United States is in a judicial district, and if in a State court, is in a State through which the defendant carrier operates.
>
> (2) <u>Against carrier responsible for loss</u>. – A civil action under this section may be brought against the carrier alleged to have caused the loss or damage, in the judicial district in which such loss or damage is alleged to have occurred.

These two sections limit the place of trial in this case to either Illinois or California. Under §14706(d)(1), the trial is limited to the state through which the Defendant carrier operates. This section would not permit a trial in Wisconsin because the Defendant does not operate through Wisconsin. It has no terminals, offices, routes or employees in Wisconsin. (Breyer Aff. ¶3) Defendant does not operate "through" the state of Wisconsin, because operating through a state requires the particular load to have been brought through the state. See *Donaldson Technology Group, LLC v. Landstar Ranger, Inc.*, 347 F.Supp.2d 525 (S.D. Ohio, 2004). There can be no suit in Wisconsin against the Defendant under §14706(d)(2), because the Defendant never came in contact with the load until it picked it up in Illinois. If the Defendant is responsible for the damage, the damage had to have occurred outside Wisconsin.

6

The venue provisions of the Carmack Amendment are consistent with the general venue provisions of the Federal Rules of Civil Procedure. Under Title 28 U.S.C. §1391, the appropriate provision in section (b), which reads as follows:

> Section 1391(b): A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

There is no allegation that this claim is brought under the court's diversity jurisdiction, nor could there be, since the amount in controversy ($67,000) is less than the jurisdictional amount. The Defendant resides in the State of Illinois, the events giving rise to the claim occurred in Illinois and/or California, the damage was discovered in California, and the Defendant is found in the State of Illinois. There are only two districts in which this action could be properly brought. The district court for the Northern District of Illinois at Wheaton, Illinois, is Defendant's preferred venue, but the district court for the Southern Division of the Central District of California at Santa Ana, California, would also be appropriate. In any case, the district court for the Eastern District of Wisconsin is unquestionably inappropriate, and, therefore, the court should dismiss this action.

  **D. If the court concludes the case is properly venued in Wisconsin, the case should be transferred to either the State of Illinois or California.**

The most convenient forum for this case is Illinois. The judicial district in which the damage is alleged to have occurred is California. The expected witnesses, employees of Real Mex Foods, and the Defendant's driver, are all presumably residents of the State of California. The present case resembles *Donaldson, supra.* That case involved the transportation of a router

7

from Irving, Texas, to a customer in Indiana. The Plaintiff commenced suit in the Southern District of Ohio where it had its principal place of business. The court held that the special venue provisions of the Carmack Amendment made Cincinnati an improper place for trial and the court transferred the case to the Southern District of Indiana at Indianapolis.

> Donaldson and MultiCam contend that venue is proper in this district under §14706(d)(1) because Landstar Ranger is the delivering carrier and it operates in Ohio. Landstar Ranger argues that it is not the delivering carrier, and even if it were, venue would not be proper in this district because it does not operate in the Southern District of Ohio. The evidence adduced by Landstar Ranger shows that Landstar Inway dispatched the router and Troy Davis d/b/a Southgate transported the router. Since Landstar Ranger is not the delivering carrier and there is neither allegation nor evidence that Davis operates in Ohio or that any damage to the router occurred in Ohio, venue is improper in this district. Venue is proper in the Southern District of Indiana, where part of the damage to the router may have occurred and where Davis passed through while delivering the router. The Court therefore **GRANTS** Defendants' Motion to transfer and **TRANSFERS** the case to the Southern District of Indiana, Indianapolis Division.

*Donaldson, Id. at* 527.

Consistent with *Donaldson*, if the court elects not to dismiss this case, it should at least change venue to an appropriate forum. Illinois and California are both appropriate forums.

## IV.    CONCLUSION

Defendant has nothing to do with the State of Wisconsin. The Complaint does not allege it does. All of the relevant events occurred outside Wisconsin. As such, Defendant respectfully requests that the court dismiss this case so that it can be brought properly in either California or Illinois, or in the alternative, transfer the case to either the State of Illinois or California, preferably Illinois.

Respectfully submitted,

8

Dated: March 28, 2008.                    DAVIS & KUELTHAU, S.C.


                                          s/ Thomas L. Schober
                                          Thomas L. Schober
                                          State Bar No.: 1013951
                                          Attorneys for Defendant,
                                          Timothy J. Kennedy, Inc.
                                          d/b/a Kennedy Logistics of Illinois

**POST OFFICE ADDRESS:**
Davis & Kuelthau, s.c.
318 South Washington, Suite 300
Green Bay, WI 54301
Phone: (920) 435-9378
Fax: (920) 435-9391
E-mail: tschober@dkattorneys.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2008, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Attorney Tori L. Kluess
Liebmann, Conway, Olejniczak & Jerry, S.C.
231 South Adams Street
P.O. Box 23200
Green Bay, WI 54305-3200
Phone: (920) 437-0476
Fax: (920) 437-2868
Email: tlk@lcojlaw.com

Attorney Kristen M. Hooker
Liebmann, Conway, Olejniczak & Jerry, S.C.
231 South Adams Street
P.O. Box 23200
Green Bay, WI 54305-3200
Phone: (920) 437-0476
Fax: (920) 437-2868
Email: kmh@lcojlaw.com

Dated this 28th day of March, 2008.

s/ Thomas L. Schober
Thomas L. Schober
State Bar No. 1013951
Davis & Kuelthau, s.c.
Attorneys for Defendant,
Timothy J. Kennedy, Inc.
d/b/a Kennedy Logistics of Illinois

**POST OFFICE ADDRESS:**
Davis & Kuelthau, s.c.
318 South Washington, Suite 300
Green Bay, WI 54301
Phone: (920) 435-9378
Fax: (920) 435-9391
E-mails: tschober@dkattorneys.com