IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

WINONA FOODS, INC.,

    Plaintiff,                                               Civil Action No. 07-C-1003

    v.

TIMOTHY J. KENNEDY, INC. d/b/a
KENNEDY LOGISTICS & WAREHOUSE,

    Defendant.

**PLAINTIFF, WINONA FOODS, INC.'S, BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND MOTION FOR A CHANGE OF VENUE**

**INTRODUCTION**

Defendant, Timothy J. Kennedy, Inc. ("Kennedy"), moves for dismissal of the above action based on the assertion that Plaintiff, Winona Foods, Inc. ("Winona"), lacks standing to sue for damages incurred during shipment of its product because Winona is not listed as "shipper" on the bill of lading attached as Exhibit "A" to the Complaint. Under the Carmack Amendment, however, shippers, as well as *other persons beneficially interested in said shipment*, have standing to sue for damages or losses sustained during the shipment of goods through interstate commerce. This holds true regardless of whether claimant is a named party to the bill of lading. Winona is the manufacturer of the goods at issue in this case, and as such, qualifies as a person beneficially interested in said shipment under the Carmack Amendment. Therefore, Winona has standing to sue Kennedy for the damages sustained during transport of its product, and as a result, Kennedy's Motion to Dismiss should be denied.

In the event that Kennedy's Motion to Dismiss for lack of standing is denied, Kennedy further moves for dismissal based on personal jurisdiction and venue arguments. Kennedy's arguments are without merit, however, because it incorrectly concludes that Kennedy had no contacts with the State of Wisconsin under the Carmack Amendment, and that the venue provision of the Carmack Amendment limits the place of trial to the state through which the carrier operates. To the contrary, in certain situations, such as here, the Carmack Amendment envisioned venue being in the District in which the principal place of business of the person entitled to recover against the carrier is located *vis-à-vis* Green Bay, Wisconsin. As such, Kennedy's Motion to Dismiss for lack of personal jurisdiction and change of venue should be denied.

## ARGUMENT

### I. WINONA HAS STANDING UNDER THE CARMACK AMENDMENT.

The Carmack Amendment to the Interstate Commerce Commission Act, 49 U.S.C. § 14706, "preempts state common law remedies against common carriers for loss or damage to goods shipped in interstate commerce." Land O' Lakes, Inc. v. Superior Service Transp. of Wis., Inc., 500 F. Supp. 2d 1150, 1154 (E.D. Wis. 2007). To establish liability under the Carmack Amendment, the claimant must show: (1) "delivery of the shipment to the carrier in good condition; (2) loss or damage to the shipment; and (3) the amount of damages." Id. Although Section 14706 of the Carmack Amendment does not specifically define who qualifies as a "person entitled to recover," under the Amendment, according to the federal courts, said person is certainly not limited to the named "shipper" on the bill of lading as argued by Kennedy in support of dismissal.

To illustrate, in Mastercraft Paper Products, Inc. v. Consolidated Freightways, the Respondent argued against the application of the Carmack Amendment based on the fact that "he was in no way a party to the bill of lading, as it represented a contract between the shipper and the carrier." 55 Wis. 2d 674, 685, 200 N.W.2d 596, 602 (1972).  The Court rejected the Respondent's arguments, finding "that where a consignee, though himself not a party to the bill of lading, maintains an action based on the negligent performance of a duty created by an interstate contract of carriage, the action is one in contract and governed by the Carmack Amendment."  Id.  Likewise, in Land O' Lakes, Inc., the Defendant moved for dismissal under the Carmack Amendment, arguing lack of standing, because "it did not accept delivery of the [product], issue a bill of lading or provide the transport." 500 F.2d at 1155.  The Court rejected Defendant's motion, finding:

> Liability under the Carmack Amendment, however, extends beyond the Carrier who actually provides the transportation.  It extends to any carrier "providing transportation or service." 49 U.S.C. § 14706(a)(1).  While [Defendant] may not have directly transported the shipment, it did arrange for Town Center to broker the transport to Runabout.  The ICA defines a "motor carrier" as "a person providing motor vehicle transportation for compensation. . . . The ICA further specifies that the term "transportation" includes "services related to that movement, including arranging  for, receipt, delivery, elevation, transfer in transit, refrigeration, icing, ventilation, storage, handling, packing, unpacking, and interchange of passengers and property." . . . Based on the undisputed facts of this case, the Court concludes that [Defendant] was acting as a motor carrier for purposes of the Carmack Amendment. . . . [Defendant's] request for dismissal is therefore denied.

Id. at 1155.

Last, in Banos v. Eckerd Corp., faced with the contention that the Plaintiff's claim, brought pursuant to the Carmack Amendment, should be dismissed because Plaintiff "was not a party to the shipping agreement," the Court held that "consigners, holders of the bill of lading issued by the carrier, and persons beneficially interested in the shipment although not in possession of the actual bill of lading, in addition to shippers, have standing to sue under the

3

Carmack Amendement." 997 F. Supp. 756, 762 (E.D. La 1998).  As a result, the Court found in favor of Plaintiff thereby rejecting the above-referenced motion for dismissal. Id.

In support of its Motion to Dismiss, Kennedy argues that Winona lacks standing to sue for damages under the Carmack Amendment because Winona is not the named "shipper" on the bill of landing as alleged by Winona in the Complaint. (Kennedy Brief at 3.)  Kennedy's argument is without merit.

For one, contrary to Kennedy's assertion, Winona does not allege anywhere in the Complaint that it is the named "shipper" on the bill of lading attached to the Complaint as Exhibit "A."  Instead, Winona specifically alleges that "Kennedy Logistics picked up certain cheese products manufactured by Winona (the "Product") for purposes of transporting the Product on behalf of Winona to a company named Real Mex located in California." (Compl. at ¶ 5.)  Based on the above, Winona recognizes itself as the manufacturer of the product being shipped through interstate commerce.  In addition, Winona alleges that "[p]rior to pick-up, Kennedy Logistics was made expressly aware of the fact that the Product had to remain at all times throughout the duration of the transport in a refrigerated trailer that was not to exceed 38 degrees Fahrenheit." (Compl. at ¶ 6.)  Winona included the bill of lading attached as Exhibit "A" to its Complaint to show the express mandates of the shipment, not to show standing as the named "shipper" on the bill of lading.

Moreover, Winona does not have to prove that it qualifies as a "shipper" on the bill of lading in order to have standing under the Carmack Amendment.  As shown above, persons other than the actual "shipper" have standing to sue under the Carmack Amendment. See Mastercraft Paper Products, Inc., at 685, 200 N.W.2d at 602 ("where a consignee, though himself not a party

4

to the bill of lading, maintains an action based on the negligent performance of a duty created by an interstate contract of carriage, the action is one in contract and governed by the Carmack Amendment."); see also Banos, at 762 ("consigners, holders of the bill of lading issued by the carrier, and persons beneficially interested in the shipment although not in possession of the actual bill of lading, in addition to shippers, have standing to sue under the Carmack Amendement.")

As the manufacturer of the product at issue, Winona certainly qualifies as "persons beneficially interested in the shipment" with standing to sue for damages under the Carmack Amendment. Simply because Winona utilized the services of a broker to ship its product, which in turn resulted in its name not appearing on a bill of lading, does not diminish its ability to recover damages under the Carmack Amendment. Indeed, the bill of lading itself is not dispositive of one's right to sue under the Carmack Amendment. See e.g. Land O' Lakes, Inc., at 1154 ("Failure to issue a receipt or bill of lading does not affect the liability of a carrier.").

Finally, even if a bill of lading listing Winona as a party to said shipment was required to have standing under the Carmack Amendment, Kennedy's argument would still be without merit because a straight bill of lading listing Winona Foods as the Consignee was created and exists in regards to this particular shipment. (Breyer Aff., Ex. "B.") Instead of instantly moving for dismissal based on the one exhibit attached to Winona's Complaint, Kennedy should have reviewed the relevant case law pertaining to standing so as to determine who qualifies as a person beneficially interested in the shipment. Had it done so, Kennedy would have concluded that manufacturers, as well as consignees, qualify. By simply reviewing the Complaint, Kennedy would have realized that Winona is the manufacturer of the product at issue, and thus, filed an Answer. Subsequent to filing the Answer, Kennedy would have reviewed the Straight

5

Bill of Lading attached as Exhibit "B" to Breyer's Affidavit and concluded that Winona further qualifies as a party with standing under the Carmack Amendment.

Based on the above, any of which would defeat Kennedy's arguments in support of its claim that Winona lacks standing under the Carmack Act, the Court should deny Kennedy's Motion to Dismiss.

## II.     JURISDICTION AND VENUE ARE PROPER.

As an alternative basis for dismissal, Kennedy argues that the Court lacks personal jurisdiction due to its insufficient contacts with the State of Wisconsin and that, at the very least, the Court should transfer venue from Wisconsin to either California or Illinois.  Again, Kennedy's arguments are without merit.

Winona filed its claim against Kennedy pursuant to 28 U.S.C.A. § 1337 because it involved the liability of a motor carrier under 49 U.S.C.A. § 14706.  The Carmack Amendment was established to remove uncertainty surrounding a carrier's liability when damage occurs to a shipper's interstate shipment during transport. See Land O' Lakes, Inc., at 1154; S.C. Johnson & Sons, Inc. v. Louisville & Nashville R. Co., 695 F.2d 253 (C.A. Ill. 1982).  "To claim the benefits of the Carmack Amendment a shipper must sue either the carrier issuing the bill of lading or the carrier delivering the goods to the final destination." S.C. Johnson & Sons, Inc., at 256.  In other words, under the Carmack Amendment, either of the carriers will be liable to the plaintiff for damage caused during shipment.  "The initiating or delivering carrier, [however], may in turn seek recovery from the carrier responsible for the loss." Id.  Consequently, the effect of the Carmack Amendment is to impose liability on all carriers involved in the transport at issue as if they had directly contracted with the Plaintiff. See Sarno v. Florida East Coast Railway Co.,

327 F. Supp. 506, 507 (D. Mass. 1971)(Personal Jurisdiction over out-of-state Defendant who received product in Florida as initial carrier, despite transfer to subsequent carrier prior to final delivery.)

As admitted by Kennedy, Genco, a supply chain carrier in the transportation industry, engaged the services of Kennedy to pick up Winona's product in Chicago and continue shipment to California. (Kennedy Brief at 3, Breyer Aff., Ex. A.) Genco's principal place of business is located in Green Bay, Wisconsin. (Breyer Aff., Ex. A.) Winona's product was manufactured in Green Bay, Wisconsin. Since both its product and initial carrier were located in Green Bay, Wisconsin at all times material to this lawsuit, the Court has personal jurisdiction over Kennedy as if Kennedy directly contracted with Winona under the Carmack Amendment.

In addition, due to the fact that the situs of the loss is unknown because the product traveled over numerous state lines, venue is appropriate in Green Bay, Wisconsin. In arguing otherwise, Kennedy incorrectly interprets the confines of Section 14706(d). To illustrate, in <u>Seko Air Fright, Inc. v. Direct Transit, Inc.</u>, the District Court was forced to interpret the above-referenced venue provision when one of the named carrier's moved for a transfer from plaintiff's principal place of business to either the state of pickup or the state of delivery. 859 F. Supp. 306, 307 (N.D. Ill. 1994). In denying said carrier's motion, the Court held:

> [C]arrier argues that [venue provision of Carmack Amendment] dictates that [Plaintiff's] action may only be brought in the judicial district where the alleged loss has occurred. However, [Carrier] does not identify the district where the loss occurred, but rather suggests several possibilities. In any event, [Carrier's] premise is predicted on the fact that the loss could not have occurred in the State of Illinois because it is not one of the many states along the shipping route between the State of California and Texas through which the goods were shipped. Accordingly, [Carrier] seeks transfer of the case to one of the many districts between California and Texas where the loss might have occurred. [Carrier's] contention is rejected. . . . Sections [14706(d)(1) and (d)(2)] must be read together. In [said sections], Congress selects the most appropriate district for certain factual scenarios. For situations that

> do not fall within the parameters of these sections, the aggrieved party may use [§ 14706(d)(1)] which permits suit against a delivering carrier in any district court of the United States. Accordingly, . . . it is clear that since Plaintiff cannot allege the situs of the loss because it is unknown, it may sue in the district where it has its principal place of business.

<u>Id</u>. at 308-309.

Like the Plaintiff in <u>Seko</u>, Winona can not determine where the situs of the loss occurred. Kennedy has offered no guidance in this regard so as to narrow the possible location. As a result, the Carmack Amendment allows venue to be located in the district where the Plaintiff has its principal place of business. Since Winona's principal place of business is located in Green Bay, Wisconsin, venue is appropriate.

Based on the above, Kennedy's alternative argument in support of dismissal and request for a transfer of venue should be denied.

## **CONCLUSION**

Based on the aforementioned, the Plaintiff respectfully requests that the Court deny Kennedy's Motion in its entirety.

Dated this 21st day of April, 2008.

    By: _s/  Kristen M. Hooker_
        Tori L. Kluess
        Kristen M. Hooker
        LIEBMANN, CONWAY, OLEJNICZAK & JERRY, S.C.
        231 South Adams Street
        Green Bay, WI 54301
        P.O. Box 23200
        Green Bay, WI 54305-3200
        State Bar No.: 1049878
        Phone: (920) 437-0476
        Fax: (920) 437-28-68
        E-mail: kmh@lcojlaw.com

9