UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

WINONA FOODS, INC.,

        Plaintiff,

                              Case No. 07-C-1003
v.                            Honorable William C. Griesbach

TIMOTHY J. KENNEDY, INC.
d/b/a KENNEDY LOGISTICS & WAREHOUSE,

        Defendant.

**DEFENDANT'S BRIEF IN REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTIONS TO DISMISS AND FOR A CHANGE OF VENUE**

The Defendant, Timothy J. Kennedy, Inc. d/b/a Kennedy Logistics of Illinois, by its attorneys, Davis & Kuelthau, s.c., submits its brief in reply to the brief in opposition to its motions to dismiss and for change of venue.

## I.    ARGUMENT

**A. Plaintiff Has Failed to Establish That Defendant Has Sufficient Minimum Contacts with the State of Wisconsin.**

Nowhere in plaintiff's complaint or its brief in opposition to the defendant's motion to dismiss does plaintiff provide any allegation or evidence that defendant operates or has sufficient minimum contacts with the State of Wisconsin. Norman Breyer attested in his affidavit that defendant is an Illinois corporation that has no offices, routes, employees or terminals in the State of Wisconsin (Breyer Aff. ¶¶2 and 3). Plaintiff does not contest theses assertions. Plaintiff broadly asserts that because the shipment through the original carrier originated in Green Bay and defendant was contacted by a Green Bay carrier to pick up the shipment in Illinois,

defendant is amenable to jurisdiction in this state.  This analysis completely ignores the essential jurisdictional requirement of sufficient minimum contacts with this state.  Therefore, defendant is not amenable to suit in the State of Wisconsin, because it lacks sufficient minimum contacts with the state.

      **B.**    **The Carmack Amendment Does Not Allow Suit in the State of Wisconsin in this Case.**

Plaintiff cites a number of cases for a broad application of the Carmack Amendment.  The application of that amendment is not without limit, however.  An action brought under the statute must comply with 49 USC §14706(d)(1) or (2), which provide:

> (1) <u>Against delivering carrier</u>. – A civil action under this section may be brought against a delivering carrier in a district court of the United States or in a State court.  Trial, if the action is brought in a district court of the United States is in a judicial district, and if in a State court, is in a State through which the defendant carrier operates.
>
> (2) <u>Against carrier responsible for loss</u>. – A civil action under this section may be brought against the carrier alleged to have caused the loss or damage, in the judicial district in which such loss or damage is alleged to have occurred.

Plaintiff has not alleged defendant operates in this judicial district, and Norman Breyer has testified the defendant does not.  Moreover, the particular load involved was not transported through this state by the defendant.  (See, *Donaldson Technology Group, LLC v. Landstar Ranger, Inc.*, 347 F.Supp.2d 525 (S.D. Ohio, 2004) for the proposition that this subsection requires the load involved in the suit to have been transported through the jurisdiction, not just general operations of the carrier within the jurisdiction.)  Therefore, there is no basis for bringing suit against defendant under §14706(d)(1).

There can be no suit in this judicial district under §14706(d)(2) because there is no allegation by the plaintiff of where the damages occurred, and plaintiff, by its admission, does not know where they occurred. What is clear, however, is that, if defendant is responsible for the loss, the only two states where the damage could have occurred are Illinois and California, as those are the only two states in which the defendant handled the load. Illinois would have been an easy choice of venue for plaintiff, as it is the state of defendant's incorporation and home office and is a state through which the defendant has routes.

Plaintiff's reliance on *Seko Air Freight, Inc. v. Direct Transit, Inc.,* 859 F. Supp. 306 (N.D. Ill. 1994) is misplaced. The court in that case was responding to the defendant's narrow assertion that the only place it could be sued is the location where the damages occurred. The court found that position untenable, because the place of loss was unknown. With the defendant offering no particular jurisdiction as appropriate, the court defaulted to allowing jurisdiction in the home state of the plaintiff. The *Seko* court did not give carte blanche authority to sue wherever the plaintiff chose if the location of the loss was not known, nor did it focus on the first subsection of the venue statute. Instead, the court read the two venue sections together and said, "For situations that <u>do not fall within the parameters of these sections</u>," the plaintiff may sue in any district court. (*Seko, Id.,* at 308, emphasis added.) In the present case, the plaintiff knows defendant hauled the load in Illinois and California, and therefore knows defendant has routes in those states as those routes pertain to this particular shipment. As such, according to *Donaldson Technology Group,* it must select one of those states to bring this action.

Further, unlike the defendant in *Seko,* defendant in this case has proposed two reasonable, alternative venues, one of which, Illinois, is unquestionably appropriate even if the location of the loss cannot be determined. Plaintiff may not know where the loss occurred, but it knows

3

defendant is the delivering carrier and it knows defendant has routes through which it operates in Illinois and California.  Selection of one of these venues is mandated by §14706(d)(1).  The fact that §14706(d)(2) may not apply because the location of the loss may not be known does not mean the entire venue statute is to be disregarded; it only means that particular subsection may not apply.  There is no automatic default to plaintiff's home district simply because one of several venue options has been eliminated.  This district is certainly not an option, where, unlike in *Seko,* appropriate venues are available and obvious.  As such, plaintiff cannot simply ignore the route involved in this case and sue in Wisconsin for its convenience.  Instead, by the clear language of §14706(d)(1), it is required to select a different venue, Illinois being the most appropriate choice.

## II.    CONCLUSION

Plaintiff cannot ignore the clear language of §14706(d)(1).  It has filed in a court that has no personal jurisdiction over the defendant and in an improper venue.  Defendant respectfully reiterates its request that the court dismiss this case so that it can be brought properly in either California or Illinois, or in the alternative, transfer the case to either the State of Illinois or California, preferably Illinois.

Respectfully submitted,

Dated:  May 2, 2008.                                DAVIS & KUELTHAU, S.C.


                                                    s/ Thomas L. Schober
                                                    Thomas L. Schober
                                                    State Bar No.:  1013951
                                                    Attorneys for Defendant,
                                                    Timothy J. Kennedy, Inc.
                                                    d/b/a Kennedy Logistics of Illinois

**POST OFFICE ADDRESS:**
Davis & Kuelthau, s.c.
318 South Washington, Suite 300
Green Bay, WI  54301
Phone:  (920) 435-9378
Fax:  (920) 435-9391
E-mail:  tschober@dkattorneys.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2008, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Attorney Tori L. Kluess
Liebmann, Conway, Olejniczak & Jerry, S.C.
231 South Adams Street
P.O. Box 23200
Green Bay, WI  54305-3200
Phone:  (920) 437-0476
Fax:  (920) 437-2868
Email:  tlk@lcojlaw.com

Attorney Kristen M. Hooker
Liebmann, Conway, Olejniczak & Jerry, S.C.
231 South Adams Street
P.O. Box 23200
Green Bay, WI  54305-3200
Phone:  (920) 437-0476
Fax:  (920) 437-2868
Email:  kmh@lcojlaw.com

Dated this 2nd day of May, 2008.

s/ Thomas L. Schober
Thomas L. Schober
State Bar No. 1013951
Davis & Kuelthau, s.c.
Attorneys for Defendant,
Timothy J. Kennedy, Inc.
d/b/a Kennedy Logistics of Illinois

**POST OFFICE ADDRESS:**
Davis & Kuelthau, s.c.
318 South Washington, Suite 300
Green Bay, WI  54301
Phone:  (920) 435-9378
Fax:  (920) 435-9391
E-mails:      tschober@dkattorneys.com