IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

_____

| | | |
|---|---|---|
| WINONA FOODS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.  08-CV-3706 |
| v. | ) | Honorable |
| | ) | |
| TIMOTHY J. KENNEDY, INC. d/b/a | ) | |
| KENNEDY LOGISTICS & WAREHOUSE, | ) | |
| | ) | |
| Defendant. | ) | |

_____

## NOTICE OF FILING

**TO:**   Tori L. Kluess
Kristen M. Hooker
LIEBMANN CONWAY OLEJNICZAK & JERRY, S.C.
231 South Adams Street
Green Bay, WI 54301

**PLEASE TAKE NOTICE** that on the 7th day of July, 2008, there was filed with the Clerk of the United States District Court, Northern District, Eastern Division, Chicago, Illinois, Defendant's Appearances, Answer to Plaintiff's Complaint and Affirmative Defenses, copies of which are hereby served upon you.

/s/Robert J. Golden
Attorneys for Defendant
Robert J. Golden, ARDC # 6093047
Michael G. Patrizio, ARDC # 6188853
Timothy J. Kennedy, Inc. d/b/a
Kennedy Logistics & Warehouse
Dowd & Dowd, Ltd.
617 West Fulton Street
Chicago, IL  60661
(312) 704-4400
(312) 795-4540 – fax
Email:  rgolden@dowdandowd.com
mpatrizio@dowdanddowd.com

Thomas L. Schober
Attorneys for Defendant
State Bar No.: 1013951
Davis & Kuelthau, S.C.
318 South Washington, Suite 300
Green Bay, WI 54301
Phone:  (920) 435-9378
Fax: (920) 435-9391
Email: tschober@dkattorneys.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of Defendant's Appearances, Answer to Plaintiff's Complaint and Affirmative Defenses, were served upon the persons listed below by causing copies of the same to sent by electronic service via the Court's ECF System on July 7, 2008.:

> Tori L. Kluess
> Kristen M. Hooker
> LIEBMANN CONWAY OLEJNICZAK & JERRY, S.C.
> 231 South Adams Street
> Green Bay, WI 54301
> P.O. Box 23200
> Green Bay WI 54305-3200
> Phone: (920) 437-0476
> Fax: (920) 437-2868
> Email:  tlk@lcojlaw.com

This 7th day of July, 2008.

> /s/Robert J. Golden
> Attorneys for Defendant
> Robert J. Golden, ARDC # 6193047
> Michael G. Patrizio, ARDC # 6188853
> Timothy J. Kennedy, Inc. d/b/a
> Kennedy Logistics & Warehouse
> Dowd & Dowd, Ltd.
> 617 West Fulton Street
> Chicago, IL  60661
> (312) 704-4400
> (312) 795-4540 – fax
> Email:
>
> Thomas L. Schober
> Attorneys for Defendant
> State Bar No.: 1013951
> Davis & Kuelthau, S.C.
> 318 South Washington, Suite 300
> Green Bay, WI 54301
> Phone:  (920) 435-9378
> Fax: (920) 435-9391
> Email: tschober@dkattorneys.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WINONA FOODS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 08-CV-3706 |
| ) | Honorable Blanche M. Manning |
| TIMOTHY J. KENNEDY, INC. d/b/a ) | |
| KENNEDY LOGISTICS & WAREHOUSE, ) | **DEFENDANT DEMANDS** |
| ) | **TRIAL BY JURY** |
| Defendant. ) | |

**ANSWER TO PLAINTIFF'S COMPLAINT
AND AFFIRMATIVE DEFENSES**

The Defendant, Timothy J. Kennedy, Inc. d/b/a Kennedy Logistics & Warehouse, by its attorneys, Dowd & Dowd Ltd. and Davis & Kuelthau, answer the Plaintiff's Complaint as follows:

**PARTIES**

1. The Plaintiff, Winona Foods, Inc. ("Winona"), a corporation in the business of dairy manufacture and supply, is organized and exists under the laws of the state of Wisconsin, with its principal place of business being located at 1552 Lineville Road, Green Bay, WI 54313.

ANSWER: Admits the allegations of paragraph 1.

2. The Defendant, Timothy J. Kennedy, Inc. d/b/a Kennedy Logistics & Warehouse, Inc. ("Kennedy Logistics"), a motor carrier engaged in interstate commerce, authorized by the Federal Motor Carrier Safety Administration ("FMCSA") to transport property throughout the 48 contiguous United States, has its principal place of business located at Greenwood Avenue, Romeoville, Illinois 60446, with its registered agent being Timothy J. Kennedy.

ANSWER: Admits the allegations of paragraph 2.

## JURISDICTION

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.A. § 1337, as this action involves the liability of a motor carrier under 49 U.S.C.A. § 14706 and the amount in controversy exceeds $10,000.00, exclusive of interest and costs.

ANSWER: Admits the allegations of paragraph 3.

4. Venue in this district is proper under 28 U.S.C. § 139(b) and (c) and 28 U.S.C. § 14706(d).

ANSWER: Admits the allegations of paragraph 4.

## FACTS

5. On or around June 18, 2007, Kennedy Logistics picked up certain cheese products manufactured by Winona (the "Product") for purposes of transporting the Product on behalf of Winona to a company named Real Mex located in California.

ANSWER: Answering paragraph 5, admits that Kennedy Logistics picked up certain cheese products at the request of Battaglia Distributing in Chicago, Illinois; denies having sufficient knowledge or information to form a belief as to whether the products were manufactured by Winona or Battaglia; admits that the load was transported to Real Mex in California at the request of Battaglia; denies having sufficient knowledge or information to form a belief as to the truth of whether the load was transported on behalf of Plaintiff, Winona Foods, Inc.

6. Prior to pick-up, Kennedy Logistics was made expressly aware of the fact that the Product had to remain at all times throughout the duration of the transport in a refrigerated trailer that was not to exceed 38 degrees Fahrenheit. Attached hereto as Exhibit "A" is a true and

accurate copy of the bill of lading expressly mandating transport in a refrigerated trailer that was not to exceed 38 degrees Fahrenheit.

ANSWER: Answering paragraph 6, admits that Exhibit "A" is a true copy of the bill of lading; admits that the load was refrigerated; denies having sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 6.

7. On or around June 22, 2007, the Product transported by Kennedy Logistics sustained loss or damage while in transit; specifically, the Product arrived at Real Mex warm, wet, and melted inside cartons that were misshapen and bloated due to the fact that the temperature of the trailer upon arrival measured at 70 degrees Fahrenheit.

ANSWER: Answering paragraph 7, denies all allegations contained therein.

8. The Product was tendered to Kennedy Logistics in good order and condition.

ANSWER: Answering paragraph 8, denies all allegations contained therein.

9. Kennedy Logistics failed to deliver the Product in good order and condition at the agreed upon destination, in breach of the contract of carriage for shipment of the Product.

ANSWER: Answering paragraph 9, denies all allegations contained therein.

10. As a result of Kennedy Logistics' breach of the contract of carriage, Winona has sustained actual damages in an amount equal to $67,759.70.

ANSWER: Answering paragraph 10, denies all allegations contained therein.

11. Winona duly filed, in writing, a notice of claim with Kennedy Logistics on June 25, 2007 for its loss/damages and demanded payment thereof. Attached hereto as Exhibit "B" is a true and accurate copy of Winona's Notice of Loss/Damage Claim and demand for payment.

ANSWER: Answering paragraph 11, admits all allegations contained therein.

3

12.     Kennedy Logistics failed to acknowledge some or all of Winona's claims as required by 49 C.F.R. § 370.5.

ANSWER:     Answering paragraph 12, denies all allegations contained therein.

### ANSWER TO COUNT I (49 U.S.C.A. § 14706)

13.     Winona repeats and realleges each and every allegation of Paragraphs 1-12 as if fully set forth herein.

ANSWER:     Answering paragraph 13, realleges and incorporates by reference all answers to paragraphs 1 through 12 as though set forth in full herein.

14.     As a result of its conduct and actions, Kennedy Logistics is liable to Winona for its full, actual damages as a motor carrier under 49 U.S.C.A. § 14706.

ANSWER:     Answering paragraph 14, denies all allegations contained therein.

15.     Accordingly, Kennedy Logistics is liable to Winona for its actual damages in an amount equal to $67,759.70, together with interest thereon from the date that the Product was delivered or scheduled to be delivered, as well as all foreseeable consequential and incidental damages Winona suffered based upon the special circumstances surrounding the Product's transport.

ANSWER:     Answering paragraph 15, denies all allegations contained therein.

### ANSWER TO COUNT II (49 U.S.C.A. § 14704)

16.     Winona repeats and realleges each and every allegation of Paragraphs 1-15 as if fully set forth herein.

ANSWER:     Answering paragraph 16, realleges and incorporates by reference all answers to paragraph 1 through 15 as though set forth in full herein.

17.     Kennedy Logistics' failure to deliver the Product in good order and condition constitutes a violation of 49 U.S.C.A. § 14706.

ANSWER:     Answering paragraph 17, denies that Kennedy Logistics failed to deliver the product in good order; denies the remaining allegations of paragraph 17.

18.     Kennedy Logistics' failure to acknowledge some or all of Winona's claims as required under statute constitutes a violation of 49 C.F.R. § 370.5.

ANSWER:     Answering paragraph 18, denies all allegations contained therein.

19.     Pursuant to the Interstate Commerce Act, defendants are "liable for damages sustained by a person as a result of an act or omission of that carrier . . . in violation [49 U.S.C.A., Subtitle IV, Part B]."

ANSWER:     Answering paragraph 19, alleges that portion of the Interstate Commerce Act are correctly cited; denies that Defendant, Kennedy Logistics, is liable under the Interstate Commerce Act.

20.     As a result of Kennedy Logistics' breach of the contract of carriage, under 49 U.S.C.A. § 14706, and Kennedy Logistics' violation of the federal claim regulations at 49 C.F.R. pt. 370, Kennedy Logistics is liable, under 49 U.S.C.A. § 14704(a)(2), for Winona's actual damages in an amount equal to $67,759.70, together with interest thereon from the date that the Product was delivered or scheduled to be delivered, as well as all foreseeable consequential and incidental damages Winona suffered based upon the special circumstances surrounding the Product's transport.

ANSWER:     Answering paragraph 20, denies all allegations contained therein.

21.     As a result of Kennedy Logistics' breach of the contract of carriage, under 49 U.S.C.A. § 14706, and Kennedy Logistics' violation of the federal claim regulations at 49 C.F.R.

pt. 370, Winona is entitled to an award of reasonable attorney's fees under 49 U.S.C.A. § 14704(e).

ANSWER: Answering paragraph 21, denies all allegations contained therein.

## **AFFIRMATIVE DEFENSES**

22. As an affirmative defense, the Defendant alleges that the Complaint fails to state a claim upon which relief can be granted.

23. As an affirmative defense, the Defendant alleges at all times relevant it was free from negligence and that the damages sustained by the Plaintiff were caused, in whole or in part, by the actions of Battaglia Distributing, Chicago, Illinois, in the manner in which it loaded Plaintiff's material for shipment, specifically any shifting of Product within the vehicle during transport was caused by the negligence of Battaglia Distributing Corp., Chicago, Illinois, in improperly securing the load with proper load dividers and load securing devices for shipment.

24. As a separate affirmative defense, the Defendant alleges at all times relevant it was free from negligence and that at all times during shipment, the temperature of the Product was maintained as requested by Battaglia but that any loss of refrigeration to the shipped Product was caused by the negligent acts of representatives of Real Mex Foods in Buena Park, California and only after the Product was delivered to representatives of Real Mex Foods in good condition, specifically,

    a. Real Mex refused to unload the refrigerated cargo at the time of delivery.

    b. Real Mex accepted delivery but failed to properly maintain the Product, demanding instead that the Product be offloaded by Defendant's driver and left on a loading dock without refrigeration.

25.     As a separate affirmative defense, the Defendant alleges that the Plaintiff is not the person entitled to recover under the bill of lading in accordance with Interstate Commerce rules and, therefore, is an improper party to bring this action.

26.     As a separate affirmative defense, the Defendant alleges, based on information and belief, that the complained of loss asserted by Plaintiff herein may have been reimbursed and paid to Plaintiff by Cincinnati Insurance Company, rendering the losses complained of by the Plaintiff settled, released and satisfied.

Dated: July 7, 2008

/s/Robert J. Golden
Attorneys for Defendant
Timothy J. Kennedy, Inc. d/b/a
Kennedy Logistics & Warehouse
Robert J. Golden, ARDC # 6093047
Michael G. Patrizio, ARDC # 6188853
Dowd & Dowd, Ltd.
617 West Fulton Street
Chicago, IL  60661
(312) 704-4400
(312) 795-4540 – fax
Email:  rgolden@dowdandowd.com
mpatrizio@dowdanddowd.com

Thomas L. Schober
Attorneys for Defendant
State Bar No.: 1013951
Davis & Kuelthau, S.C.
318 South Washington, Suite 300
Green Bay, WI 54301
Phone:  (920) 435-9378
Fax: (920) 435-9391
Email: tschober@dkattorneys.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of Defendant's Appearances, Answer to Plaintiff's Complaint and Affirmative Defenses, were served upon the persons listed below by causing copies of the same to sent by electronic service via the Court's ECF System on July 7, 2008:

>Tori L. Kluess
>Kristen M. Hooker
>LIEBMANN CONWAY OLEJNICZAK & JERRY, S.C.
>231 South Adams Street
>Green Bay, WI 54301
>P.O. Box 23200
>Green Bay WI 54305-3200
>Phone: (920) 437-0476
>Fax: (920) 437-2868
>Email:  tlk@lcojlaw.com

This 7th day of July, 2008.

>/s/Robert J. Golden
>Attorneys for Defendant
>Timothy J. Kennedy, Inc. d/b/a
>Kennedy Logistics & Warehouse
>Robert J. Golden, ARDC # 6193047
>Michael G. Patrizio, ARDC # 6188853
>Dowd & Dowd, Ltd.
>617 West Fulton Street
>Chicago, IL  60661
>(312) 704-4400
>(312) 795-4540 – fax
>Email: rgolden@dowdanddowd.com
>mpatrizio@dowdanddowd.com
>
>Thomas L. Schober
>Attorneys for Defendant
>State Bar No.: 1013951
>Davis & Kuelthau, S.C.
>318 South Washington, Suite 300
>Green Bay, WI 54301
>Phone:  (920) 435-9378
>Fax: (920) 435-9391
>Email: tschober@dkattorneys.com

**U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**
**ATTORNEY APPEARANCE FORM**

NOTE: In order to appear before this Court an attorney must either be a member in good standing of this Court's general bar or be granted leave to appear *pro hac vice* as provided for by Local Rules 83.12 through 83.14.

In the Matter of                                                                 Case Number:

AN APPEARANCE IS HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY FOR:

| |
|---|
| NAME (Type or print) |
| SIGNATURE (Use electronic signature if the appearance form is filed electronically)<br>          s/ |
| FIRM |
| STREET ADDRESS |
| CITY/STATE/ZIP |

| ID NUMBER (SEE ITEM 3 IN INSTRUCTIONS) | TELEPHONE NUMBER |
|---|---|
| | |

| | | |
|---|---|---|
| ARE YOU ACTING AS LEAD COUNSEL IN THIS CASE? | YES | NO |
| ARE YOU ACTING AS LOCAL COUNSEL IN THIS CASE? | YES | NO |
| ARE YOU A MEMBER OF THIS COURT'S TRIAL BAR? | YES | NO |
| IF THIS CASE REACHES TRIAL, WILL YOU ACT AS THE TRIAL ATTORNEY? | YES | NO |

| |
|---|
| IF THIS IS A CRIMINAL CASE, CHECK THE BOX BELOW THAT DESCRIBES YOUR STATUS.<br><br>RETAINED COUNSEL          APPOINTED COUNSEL |

**U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**
**ATTORNEY APPEARANCE FORM**

NOTE: In order to appear before this Court an attorney must either be a member in good standing of this Court's general bar or be granted leave to appear *pro hac vice* as provided for by Local Rules 83.12 through 83.14.

In the Matter of                                                                 Case Number:

AN APPEARANCE IS HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY FOR:

| |
|---|
| NAME (Type or print) |
| SIGNATURE (Use electronic signature if the appearance form is filed electronically)<br>          s/ |
| FIRM |
| STREET ADDRESS |
| CITY/STATE/ZIP |

| ID NUMBER (SEE ITEM 3 IN INSTRUCTIONS) | TELEPHONE NUMBER |
|---|---|

| | | |
|---|---|---|
| ARE YOU ACTING AS LEAD COUNSEL IN THIS CASE? | YES | NO |
| ARE YOU ACTING AS LOCAL COUNSEL IN THIS CASE? | YES | NO |
| ARE YOU A MEMBER OF THIS COURT'S TRIAL BAR? | YES | NO |
| IF THIS CASE REACHES TRIAL, WILL YOU ACT AS THE TRIAL ATTORNEY? | YES | NO |

| |
|---|
| IF THIS IS A CRIMINAL CASE, CHECK THE BOX BELOW THAT DESCRIBES YOUR STATUS.<br><br>RETAINED COUNSEL          APPOINTED COUNSEL |